UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ERIKA JACOBS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SALT LAKE CITY INTERNATIONAL AIRPORT,<br><br>　　　　Defendant. | **MEMORANDUM DECISION AND ORDER PERMITTING AMENDED COMPLAINT**<br><br>Case No. 2:24-cv-00299<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Erika Jacobs filed this action without an attorney and without paying the filing fee.[1] The court granted Ms. Jacobs' motion to proceed without paying the filing fee and stayed the case for screening.[2] As explained below, because Ms. Jacobs' complaint fails to state a plausible claim for relief under federal law, and fails to establish this court's jurisdiction over any state-law claims, Ms. Jacobs is permitted to file an amended complaint by **September 11, 2024**.

## LEGAL STANDARDS

When a court authorizes a party to proceed without paying a filing fee, the court must dismiss the case if it determines the complaint "fails to state a claim on which relief

---

[1] (*See* Compl., Doc. No. 5; Mot. to Proceed In Forma Pauperis, Doc. No. 1.)

[2] (*See* Order Granting Mot. to Proceed in Forma Pauperis and Notice of Screening Under 28 U.S.C. § 1915, Doc. No. 4.)

1

may be granted."³  In making this determination, the court uses the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.⁴  To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."⁵  The court accepts well-pleaded factual allegations as true and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.⁶  But the court need not accept a plaintiff's conclusory allegations as true.⁷  "[A] plaintiff must offer specific factual allegations to support each claim."⁸  This court also has an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."⁹

Because Ms. Jacobs proceeds without an attorney (pro se), her filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."¹⁰  Still, pro se plaintiffs must "follow the same rules of procedure that

---

³ 28 U.S.C. § 1915(e)(2)(B)(ii).

⁴ *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

⁵ *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

⁶ *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

⁷ *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

⁸ *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

⁹ *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (internal quotation marks omitted).

¹⁰ *Hall*, 935 F.2d at 1110.

govern other litigants."[11]  For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[12]  While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements,"[13] the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[14]

## ANALYSIS

Ms. Jacobs filed this case against Salt Lake City International Airport using a form civil rights complaint.[15]  Ms. Jacobs alleges her left leg was injured on an escalator at the airport on June 29, 2022.[16]  She asserts her leg became infected and she experienced extreme pain until January 2024, and she now uses a brace and cane.[17]  Ms. Jacobs crossed out the words "for violations of civil rights" in the caption of the form

---

[11] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted).

[12] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[13] *Hall*, 935 F.2d at 1110.

[14] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

[15] (*See* Compl., Doc. No. 5.)

[16] (*Id.* at 4.)

[17] (*Id.* at 5.)

complaint,[18] but she also checked a box on the form indicating she was suing "State or local officials (a § 1983 claim)."[19]  On the portion of the form asking her to identify which federal rights were violated, Ms. Jacobs identifies her "right to clean and microbe free facilities," and states she is suing under the Ninth Amendment.[20]  She also states the "equipment in use at the Salt Lake City Airport should be without defect."[21]  Ms. Jacobs seeks damages of $76,000.[22]

      Ms. Jacobs fails to state a plausible claim for relief under federal law.  To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[23]  Although Ms. Jacobs references the Ninth Amendment, this amendment "has [never] been interpreted as independently securing any constitutional rights for purposes of making out a constitutional violation."[24]  Therefore, Ms. Jacobs cannot bring any viable claims under

---

[18] (*Id.* at 1.)

[19] (*Id.* at 3.)

[20] (*Id.*)

[21] (*Id.*)

[22] (*Id.* at 5.)

[23] *Bruner v. Baker*, 506 F.3d 1021, 1025–26 (10th Cir. 2007) (citation omitted).

[24] *Schowengerdt v. United States*, 944 F.2d 483, 490 (9th Cir. 1991).  The Ninth Amendment provides: "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."  U.S. Const. amend. IX.

the Ninth Amendment.  And Ms. Jacobs' factual allegations do not appear to implicate any other federal rights.  Thus, Ms. Jacobs fails to state a claim under § 1983, or any other federal law.

To the extent Ms. Jacobs attempts to bring tort claims for personal injury, these claims arise under state law, and her complaint fails to establish this court's jurisdiction over them (as a federal court).  Ms. Jacobs has not alleged facts supporting diversity jurisdiction under 28 U.S.C. § 1332(a).  Diversity jurisdiction requires an amount in controversy over $75,000 and complete diversity of citizenship, meaning "the citizenship of all defendants must be different from the citizenship of all plaintiffs."[25]  Ms. Jacobs claims damages of more than $75,000, but she fails to adequately allege citizenship.

Based on publicly available information, the airport appears to be a department of Salt Lake City Corporation,[26] a municipal corporation.  "A municipal corporation is a citizen of that state where it is created by statute or law"[27]—in this case, Utah.  However, Ms. Jacobs fails to allege her own citizenship.  The citizenship of a person is determined by where they are domiciled, and "a person acquires domicile in a state when the person resides there and intends to remain there indefinitely."[28]  "An

---

[25] *McPhail v. Deere & Co.*, 529 F.3d 947, 950 (10th Cir. 2008).

[26] *See* https://slcairport.com/about-the-airport/ [https://perma.cc/K9J3-374S].

[27] *Columbia Gas Transmission LLC v. Tri-State Airport Auth.*, No. 3:14-11854, 2016 U.S. Dist. LEXIS 17483, at *7 (S.D. W. Va. Feb. 12, 2016) (unpublished) (citing *Port of Seattle v. Or. & Wash. R.R. Co.*, 255 U.S. 56, 71 (1921)).

[28] *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

individual's residence is not equivalent to [her] domicile,"[29] and an allegation that a party is a resident of a state in insufficient to confer jurisdiction.[30]  Ms. Jacobs' complaint contains no allegations regarding citizenship or domicile.  It lists a Nebraska address for her,[31] but mail to that address was later returned as undeliverable.[32]  Ms. Jacobs later provided the court with an Arizona address.[33]  However, merely providing an address is insufficient to establish citizenship for purposes of diversity jurisdiction.

For all these reasons, the complaint is subject to dismissal.[34]  Nevertheless, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts [she] has alleged and it would be futile to give [her] an opportunity to amend."[35]  Accordingly, Ms. Jacobs will be given an opportunity to amend her complaint.  If Ms. Jacobs intends to proceed on her state-law claims in this court, she must allege which state she is domiciled in, if any.

## CONCLUSION

1.  Ms. Jacobs may file an amended complaint by **September 11, 2024**.  The words "Amended Complaint" should appear in the caption of the document.

---

[29] *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015).

[30] *Id.* at 1238 n.2.

[31] (Compl. 2, 5, Doc. No. 5.)

[32] (*See* Doc. No. 6.)

[33] (*See* Docket.)

[34] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

[35] *Kay*, 500 F.3d at 1217 (internal quotation marks omitted).

2. Ms. Jacobs is advised that an amended complaint will completely replace all prior versions of the complaint. Claims which are not realleged in the amended complaint will be deemed abandoned.[36]

3. Once filed, the court will screen the amended complaint under 28 U.S.C. § 1915(e) and Rule DUCivR 3-2(b) of the Local Rules of Civil Practice.[37]

4. Other than an amended complaint, the restriction on filing other documents set forth in the court's April 25, 2024 order[38] remains in place.

5. Failure to file an amended complaint may result in dismissal of this action.

DATED this 21st day of August, 2024.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[36] *See Pierce v. Williams*, No. CIV 20-284, 2020 U.S. Dist. LEXIS 185074, at *6 (E.D. Okla. Oct. 6, 2020) (unpublished) ("An amended complaint completely replaces the original complaint and renders the original complaint of no legal effect." (citing *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991))).

[37] *See* DUCivR 3-2(b), available at https://www.utd.uscourts.gov/sites/utd/files/Civil%20Rules%20Final%202023.pdf [https://perma.cc/YJY4-VSML].

[38] (Doc. No. 4.)