UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ERIKA JACOBS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SALT LAKE CITY INTERNATIONAL AIRPORT,<br><br>　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR NEW JUDGE (DOC. NO. 19) AND MOTION TO RECUSE (DOC. NO. 22)**<br><br>Case No. 2:24-cv-00299<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Erika Jacobs, proceeding without an attorney, has filed two motions seeking recusal or disqualification of the undersigned magistrate judge.[1] In these motions, Ms. Jacobs argues the court's orders permitting her to file an amended complaint[2] and requiring her to allege domicile[3] are "frivolous orders"[4] and demonstrate that her complaint "is not being read correctly."[5] She also contends the undersigned "is

---

[1] (Mot. for New Judge, Doc. No. 19; Mot. to Recuse Daphne A. Oberg as Presiding Judge, Doc. No. 22.)

[2] (Mem. Decision and Order Permitting Am. Compl., Doc. No. 12.)

[3] (Order to Allege Pl.'s Domicile, Doc. No. 17.)

[4] (Mot. to Recuse Daphne A. Oberg as Presiding Judge, Doc. No. 22.)

[5] (Mot. for New Judge, Doc. No. 19.)

1

looking for a reason to dismiss the case instead of looking at the Complaint presented."[6] For the reasons explained below, Ms. Jacob's motions are DENIED.

Construing Ms. Jacobs' motions liberally,[7] she may be attempting to seek disqualification under 28 U.S.C. § 455, which provides "[a]ny justice, judge, or magistrate judge of the United States" must disqualify themselves if certain circumstances exist, most notably "in any proceeding in which [her] impartiality might reasonably be questioned."[8]  A judge has a "continuing duty to recuse before, during, or, in some circumstances, after a proceeding, if the judge concludes that sufficient factual grounds exist to cause an objective observer reasonably to question the judge's impartiality."[9]  But "[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters" are "not ordinarily sufficient to require

---

[6] (*Id.*)

[7] Because Ms. Jacobs proceeds pro se, her filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."  *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted).  Further, the district court may not "assume the role of advocate for the pro se litigant."  *Hall*, 935 F.2d at 1110.  Therefore, the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."  *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

[8] 28 U.S.C. § 455(a).

[9] *United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993).

2

[§] 455(a) recusal."[10]  Further, "[j]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."[11]

Ms. Jacobs has not demonstrated disqualification is warranted under 28 U.S.C. § 455.  Ms. Jacobs argues recusal is warranted based on the court's orders—particularly, the court's findings that she has not adequately alleged her own citizenship or domicile for purposes of determining whether this court has jurisdiction over her state-law claim.[12]  While Ms. Jacobs may disagree with these findings, the court's orders are not, on their own, a valid basis for disqualification.  Ms. Jacobs' allegation that the undersigned is "looking for a reason to dismiss the case"[13] is likewise insufficient.  As explained in the order permitting amendment, this court has an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."[14]  Thus, the fact that Ms. Jacobs was ordered to supplement her allegations related to jurisdiction does not provide a valid

---

[10] *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995) (citation omitted).

[11] *United States v. Walker*, 838 F. App'x 333, 337 (10th Cir. 2020) (unpublished) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

[12] (*See* Mem. Decision and Order Permitting Am. Compl. 6, Doc. No. 12 (noting "Ms. Jacobs' complaint contains no allegations regarding citizenship or domicile," explaining that "merely providing an address is insufficient to establish citizenship for purposes of diversity jurisdiction," and permitting Ms. Jacobs to file an amended complaint alleging domicile); Order to Allege Pl.'s Domicile 2, Doc. No. 17 (finding Ms. Jacobs' amended complaint still lacked allegations regarding her domicile and ordering her to file a document alleging her domicile, if any).)

[13] (Mot. for New Judge, Doc. No. 19.)

[14] *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (internal quotation marks omitted).

basis to question the court's impartiality.  In other words, Ms. Jacobs has not shown any factual grounds exist to cause an objective observer reasonably to question the undersigned's impartiality.

For these reasons, Ms. Jacobs has not demonstrated grounds for recusal or disqualification.  Therefore, Ms. Jacobs' motions[15] are DENIED.

DATED this 1st day of November, 2024.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[15] (Doc. Nos. 19 & 22.)