UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ERIKA JACOBS,<br><br>        Plaintiff,<br><br>v.<br><br>SALT LAKE CITY INTERNATIONAL AIRPORT,<br><br>        Defendant. | **REPORT AND RECOMMENDATION TO DISMISS ACTION WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Case No. 2:24-cv-00299<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

      Plaintiff Erika Jacobs filed this action against the Salt Lake International Airport without an attorney and without paying the filing fee.[1] The court screened Ms. Jacobs' complaint under 28 U.S.C. § 1915(e)(2)(B) and identified deficiencies, including a failure to allege Ms. Jacobs' citizenship or domicile for purposes of establishing diversity jurisdiction over her state-law personal injury claim.[2] The court invited Ms. Jacobs to amend her complaint,[3] and she filed an amended complaint on October 14, 2024.[4] Because the amended complaint still failed to allege Ms. Jacobs' citizenship or domicile, the court ordered Ms. Jacobs to file a document alleging her domicile, if any (and

---

[1] (*See* Compl., Doc. No. 5; Order Granting Mot. to Proceed in Forma Pauperis and Notice of Screening Under 28 U.S.C. § 1915, Doc. No. 4.)

[2] (*See* Mem. Decision and Order Permitting Am. Compl. 1, 5–6, Doc. No. 12.)

[3] (*See id.* at 1, 6.)

[4] (Am. Compl., Doc. No. 16.)

1

explained this meant the state where she resided and intended to stay).[5] Ms. Jacobs filed a response which only alleged her residence.[6] The court then held a hearing to give Ms. Jacobs a final opportunity to allege her domicile, but Ms. Jacobs failed to appear.[7]

As explained below, Ms. Jacobs' amended complaint does not assert any claim arising under federal law, and she fails to establish diversity jurisdiction over her state-law claim. Ms. Jacobs has been given multiple opportunities to properly allege her citizenship as required to establish diversity jurisdiction, but she has not done so. Therefore, the undersigned recommends the district judge dismiss this action without prejudice for lack of subject matter jurisdiction.

## LEGAL STANDARDS

When a court authorizes a party to proceed without paying a filing fee, the court must dismiss the case if it determines the complaint "fails to state a claim on which relief may be granted."[8] In making this determination, the court uses the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[9] To avoid dismissal under Rule 12(b)(6), a complaint

---

[5] (Order to Allege Pl.'s Domicile, Doc. No. 17.)

[6] (*See* Pl.'s Resp., Doc. No. 18.)

[7] (*See* Docket Text Order, Doc. No. 23 (advising Ms. Jacobs of the purpose of the hearing); Minute Entry, Doc. No. 25.)

[8] 28 U.S.C. § 1915(e)(2)(B)(ii).

[9] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

must allege "enough facts to state a claim to relief that is plausible on its face."[10] The court accepts well-pleaded factual allegations as true and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.[11] But the court need not accept a plaintiff's conclusory allegations as true.[12] "[A] plaintiff must offer specific factual allegations to support each claim."[13]

This court also has an "independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party."[14] As relevant here, original subject matter jurisdiction may be based on federal question jurisdiction[15] or diversity jurisdiction.[16] Federal question jurisdiction applies to claims "arising under the Constitution, laws, or treaties of the United States."[17] When determining whether a claim arises under federal law, the court examines only "well

---

[10] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[11] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[12] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[13] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

[14] *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (internal quotation marks omitted).

[15] *See* 28 U.S.C. § 1331.

[16] *See* 28 U.S.C. § 1332.

[17] 28 U.S.C. § 1331.

pleaded allegations of the complaint."[18] Alternatively, if only state-law claims are alleged, diversity jurisdiction applies if "complete diversity of citizenship exists between the adverse parties and [] the amount in controversy exceeds $75,000."[19]

Because Ms. Jacobs proceeds without an attorney (pro se), her filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[20] Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."[21] For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[22] While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements,"[23] the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[24]

---

[18] *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) (internal quotation marks omitted).

[19] *Id.* at 987 (citation omitted).

[20] *Hall*, 935 F.2d at 1110.

[21] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted).

[22] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[23] *Hall*, 935 F.2d at 1110.

[24] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (citation omitted).

## BACKGROUND

Ms. Jacobs originally filed this case against Salt Lake City International Airport using a form civil rights complaint.[25] Ms. Jacobs alleged her left leg was injured on an escalator at the airport on June 29, 2022.[26] She asserted her leg became infected and she experienced extreme pain until January 2024, and she now uses a brace and cane.[27] Ms. Jacobs crossed out the words "for violations of civil rights" in the caption of the form complaint,[28] but she also checked a box on the form indicating she was suing "State or local officials (a § 1983 claim)."[29] On the portion of the form asking her to identify which federal rights were violated, Ms. Jacobs identified her "right to clean and microbe free facilities," and stated she is suing under the Ninth Amendment.[30] She also stated the "equipment in use at the Salt Lake City Airport should be without defect."[31] Ms. Jacobs sought damages of $76,000.[32]

The court found Ms. Jacob's complaint deficient because it failed to state a plausible claim for relief under federal law, and failed to establish this court's jurisdiction

---

[25] (*See* Compl., Doc. No. 5.)

[26] (*Id.* at 4.)

[27] (*Id.* at 5.)

[28] (*Id.* at 1.)

[29] (*Id.* at 3.)

[30] (*Id.*)

[31] (*Id.*)

[32] (*Id.* at 5.)

over a state-law personal injury claim.[33] First, the court found the complaint failed to state a claim under 42 U.S.C. § 1983 because the Ninth Amendment does not independently secure any constitutional rights, and Ms. Jacobs' allegations did not appear to implicate any other federal rights.[34] Second, the court found the complaint did not adequately allege Ms. Jacobs' citizenship for purposes of establishing this court's diversity jurisdiction over her state-law claim.[35] The complaint provided a Nebraska address for Ms. Jacobs (to which court mail was returned undeliverable[36]), but the court noted an allegation of residence is insufficient to confer jurisdiction.[37] Rather, the court explained: "The citizenship of a person is determined by where they are domiciled, and 'a person acquires domicile in a state when the person resides there and intends to remain there indefinitely.'"[38] The court permitted Ms. Jacobs to amend her complaint to correct these deficiencies, and instructed her that if she intended to proceed on her state-law claims in this court, she must allege which state she is domiciled in, if any.[39]

---

[33] (*See* Mem. Decision and Order Permitting Am. Compl. 1, 4–6, Doc. No. 12.)

[34] (*Id.* at 4–5.)

[35] (*Id.* at 5–6.)

[36] (*See* Doc. No. 6.)

[37] (*See* Mem. Decision and Order Permitting Am. Compl. 5–6, Doc. No. 12.)

[38] (*Id.* at 5 (quoting *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).)

[39] (*Id.* at 6.)

Ms. Jacobs filed an amended complaint on October 14, 2024, asserting largely the same factual allegations regarding her injury at the Salt Lake International Airport.[40] Ms. Jacobs again checked a box indicating she was bringing a § 1983 claim but added the following note: "This claim can fall under the (x) marked but is brought under diversity and trip and fall accident."[41] She also explained she was bringing her claim pursuant to a general "duty of care," a Utah statute, and two federal statutes: 18 U.S.C. § 2255 and 26 U.S.C. § 104.[42] The amended complaint listed a P.O. box in Nebraska as Ms. Jacobs' address,[43] and it contained no other allegations regarding Ms. Jacobs' citizenship or domicile.

On October 17, the court ordered Ms. Jacobs to file a document alleging which state she was domiciled in (if any) for purposes of diversity jurisdiction by October 31.[44] The court reminded Ms. Jacobs that a person acquires domicile in a state where the person resides and intends to remain indefinitely.[45] The court also warned Ms. Jacobs that failure to comply could result in dismissal of this case.[46]

---

[40] (*See* Am. Compl., Doc. No. 16.)

[41] (*Id.* at 3.)

[42] (*Id.*)

[43] (*Id.* at 2.)

[44] (Order to Allege Pl.'s Domicile, Doc. No. 17.)

[45] (*Id.* at 2.)

[46] (*Id.*)

On October 25, Ms. Jacobs filed a response stating: "It is listed on the original and amended Complaint that the resident [sic] of the Plaintiff is Nebraska. The Plaintiff would not list her address other than where she lives."[47] The response contained no allegation regarding whether Ms. Jacobs intended to remain in Nebraska indefinitely. The same day, Ms. Jacobs filed a motion for a new judge, seeking to disqualify the undersigned from the case.[48]

The court then set a hearing for November 4, 2024, to be held via Zoom videoconference.[49] On October 30, Ms. Jacobs filed a document indicating she would not appear at the hearing,[50] along with a second motion for disqualification of the undersigned.[51] On November 1, the court entered an order advising Ms. Jacobs that the purpose of the hearing was "to permit Ms. Jacobs to allege whether she is domiciled in Nebraska (meaning she resides there and intends to remain there indefinitely), in order to determine whether this court has jurisdiction over her claim."[52] The order also stated: "If [Ms. Jacobs] does not appear at the hearing or file a written statement adequately alleging her domicile (as previously ordered), the undersigned will

---

[47] (Pl.'s Resp., Doc. No. 18.)

[48] (Mot. for New Judge, Doc. No. 19.)

[49] (Order Setting Hearing or Trial, Doc. No. 20.)

[50] (Doc. No. 21.)

[51] (Mot. to Recuse Daphne A. Oberg as Presiding Judge, Doc. No. 22.)

[52] (Docket Text Order, Doc. No. 23.)

recommend this case be dismissed for lack of jurisdiction."[53] The court denied Ms. Jacobs' motions for disqualification, in a separate order entered on the same day.[54]

Ms. Jacobs did not appear at the November 4 hearing.[55] As of the date of this report and recommendation, she has not filed any written statement alleging her domicile.

## ANALYSIS

Ms. Jacobs has failed to allege facts showing this court has jurisdiction over her claim in this action. Ms. Jacobs' claim (as alleged in both the original complaint and amended complaint) is based on allegations that she was injured on an escalator at the Salt Lake International Airport. Although she appears to invoke both federal question jurisdiction and diversity jurisdiction, her allegations fail to establish either jurisdictional standard.

First, Ms. Jacobs' personal injury claim does not "aris[e] under the Constitution, laws, or treaties of the United States," as required for federal question jurisdiction.[56] Her amended complaint references three federal statutes: 42 U.S.C. § 1983, 18 U.S.C. § 2255, and 26 U.S.C. § 104. But none of the statutes apply to her factual allegations.

---

[53] (*Id.*)

[54] (Mem. Decision and Order Den. Mot. for New Judge and Mot. to Recuse, Doc. No. 24.)

[55] (*See* Minute Entry, Doc. No. 25 (noting the court waited seventeen minutes for Ms. Jacobs to appear before ending the hearing).)

[56] 28 U.S.C. § 1331.

As noted in the order permitting amendment, Ms. Jacobs' allegations do not invoke any violation of the Constitution or other federal rights as required to state a claim under 42 U.S.C. § 1983.[57] While 18 U.S.C. § 2255 permits minor victims of certain trafficking, sexual abuse, and child pornography offenses to sue for civil damages,[58] it bears no connection to Ms. Jacobs' allegations. As a provision of the Internal Revenue Code governing the computation of gross income for tax purposes, 26 U.S.C. § 104 contains no private right of action,[59] and likewise bears no connection to Ms. Jacobs' allegations. Therefore, this court lacks federal question jurisdiction over Ms. Jacobs' claim.

Second, to the extent Ms. Jacobs asserts a personal injury claim under state law, Ms. Jacobs' allegations are inadequate to establish diversity jurisdiction under 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity of citizenship, meaning "the citizenship of all defendants must be different from the citizenship of all plaintiffs."[60] The citizenship of a person is determined by where they are domiciled, and "a person acquires domicile in a state when the person resides there and intends to

---

[57] *See Bruner v. Baker*, 506 F.3d 1021, 1025–26 (10th Cir. 2007) (To state a § 1983 claims, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." (citation omitted)).

[58] *See Ellijah Sam v. Bancfirst*, No. CIV-23-601-R, 2023 U.S. Dist. LEXIS 133004, at *3 (W.D. Okla. Aug. 1, 2023) (unpublished).

[59] *See Carter v. Fred Loya Ins. Agency*, No. 2:21-cv-09849-SB-MAA, 2022 U.S. Dist. LEXIS 31284, at *2 (C.D. Cal. Feb. 21, 2022) (unpublished).

[60] *McPhail v. Deere & Co.*, 529 F.3d 947, 950 (10th Cir. 2008).

remain there indefinitely."[61] "An individual's residence is not equivalent to [her] domicile,"[62] and an allegation that a party is a resident of a state is insufficient to confer jurisdiction.[63]

Here, Ms. Jacobs has not adequately alleged her own citizenship. Neither her original complaint nor her amended complaint expressly allege her citizenship, domicile, residence, or intent to remain in any state. The addresses she provided do not appear to be valid residential addresses—mail was returned as undeliverable to the address in her original complaint,[64] and the address in her amended complaint is a P.O. box.[65] And even if her October 25, 2024 response could be construed as an allegation of Nebraska residence, Ms. Jacobs has not alleged her intent to remain in Nebraska indefinitely. Accordingly, her allegations are insufficient to establish diversity jurisdiction over her claim.

The court has given Ms. Jacobs multiple opportunities to cure the deficiency in her jurisdictional allegations, including permitting her to amend her original complaint, expressly ordering her to allege her domicile, and holding a hearing to permit her to allege her domicile. Despite these opportunities, Ms. Jacobs failed to file written allegations of domicile as ordered and failed to appear at the hearing. Therefore, the

---

[61] *Middleton*, 749 F.3d at 1200.

[62] *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015).

[63] *Id.* at 1238 n.2.

[64] (*See* Doc. No. 6.)

[65] (*See* Am. Compl. 2, Doc. No. 16.)

undersigned recommends the district judge dismiss this action without prejudice for lack of subject matter jurisdiction.[66]

## RECOMMENDATION

Because Ms. Jacobs failed to allege facts sufficient to establish subject matter jurisdiction over her claim and failed to cure this deficiency despite multiple opportunities to do so, the undersigned RECOMMENDS the district judge dismiss this action without prejudice.

The court will send this Report and Recommendation to Ms. Jacobs, who is notified of her right to object to it. Any objection must be filed within fourteen days of service. Failure to object may be considered a waiver of objections.

DATED this 7th day of November, 2024.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[66] *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) (providing a dismissal for lack of jurisdiction must be without prejudice).