IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ERIKA JACOBS,<br><br>    Plaintiff,<br><br>v.<br><br>SALT LAKE CITY INTERNATIONAL AIRPORT,<br><br>    Defendant. | ORDER ADOPTING REPORT AND RECOMMENDATION TO DISMISS ACTION FOR LACK OF SUBJECT MATTER JURISDICTION<br><br>Case No. 2:24-cv-00299-JNP-DAO<br><br>District Judge Jill N. Parrish |

    Before the court is a Report and Recommendation issued by Magistrate Judge Daphne A. Oberg recommending this case be dismissed for lack of subject matter jurisdiction. ECF No. 27. Judge Oberg found that Plaintiff Erika Jacobs ("Plaintiff") failed to allege her citizenship or domicile for purposes of establishing diversity jurisdiction over her state-law personal injury claim. Plaintiff filed an objection to the Report and Recommendation, arguing that she did establish diversity in her case. ECF No. 28 ("Objection").

    Federal courts are courts of limited jurisdiction, possessing only the powers authorized by Article III of the Constitution or statutes enacted by Congress. *See Bender v. Williamsport area Sch. Dist.*, 475 U.S. 534, 541 (1986). By statute, Congress has authorized federal courts to exercise jurisdiction in cases between citizens of different states. 28 U.S.C. § 1332(a)(1). A district court *must* dismiss an action "[i]f it determines at any time that it lacks subject-matter jurisdiction." FED. R. CIV. P. 12(h)(3). Thus, the law requires this court to dismiss Plaintiff's complaint if she fails to establish diversity jurisdiction.

To establish diversity, Plaintiff must show that she is not domiciled in Utah. On October 17, 2024, the court ordered Plaintiff to allege her domicile. ECF No. 17. In the order, Judge Oberg explained that "a person acquires domicile in a state when the person resides there and intends to remain there indefinitely." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). Plaintiff filed a response to the order that only alleged her residence, not her domicile. ECF No. 18. Judge Oberg then held a hearing to give Plaintiff one final opportunity to allege her domicile. Plaintiff failed to appear.

Plaintiff filed an objection to the Report and Recommendation, arguing that she established diversity by showing that she lives in Nebraska. ECF No. 28. But Plaintiff's objection does not allege that she intends to remain in Nebraska indefinitely. Instead, Plaintiff provided only a conclusory statement that she "has established that she lives in Nebraska." *Id.* But merely residing in a state does not necessarily establish domicile in that state. Indeed, Plaintiff must allege that she "resides [in Nebraska] and intends to remain there indefinitely." *Middleton*, 749 F.3d at 1200.

Further, Plaintiff appears to be unwilling to allege her domicile, stating that "Judge Oberg is asking the Plaintiff for her future goals and addresses. If the Plaintiff['s] address changes in the future she will definitely let the court know and that is all the court can ask." *Id.* Because Plaintiff was given multiple opportunities to allege her domicile, where she resides and intends to stay indefinitely, and failed to do so, the court finds Plaintiff has not established diversity. Therefore, the court is obligated to dismiss this action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3).

Accordingly, the court ORDERS as follows:

1. The Report and Recommendation to Dismiss Action without Prejudice for Lack of Subject Matter Jurisdiction (ECF No. 27) is ADOPTED IN FULL.

2. This action is DISMISSED WITHOUT PREJUDICE.

DATED February 25, 2025

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge